No. 519

First Circuit

———

## SUPREME COUNCIL OF THE LILY OF THE VALLEY FREE AND ACCEPTED ORDER OF AMERICA v. LEE ET AL.

———

(March 5, 1930. Opinion and Decree.)
(April 14, 1930. Rehearing Refused.)
(June 2, 1930. Writs of Certiorari and Review Granted by Supreme Court.)
(November 2, 1930. Judgment of Court of Appeal Avoided and Reversed.)

———

Benton & Benton, of Baton Rouge, attorneys for plaintiffs, appellees.

C. A. Battle, R. F. Walker, of Baton Rouge, and E. S. Muse, of St. Francisville, attorneys for defendants, appellants.

ELLIOTT, J. Supreme Council of the Lily of the Valley Free and Accepted Order of America appears as plaintiff in a suit against James Reid, Donnie Wade and Cammille Lee, the purpose of which is to recover a judgment against them, holding that they are no longer officers of the plaintiff, and enjoining them from drawing or attempting to draw upon an endowment fund on deposit in the Union Bank & Trust Company, of Baton Rouge, in the name "Supreme Council of the Israelite Lodge No. 1, 702 Plum Street, Eugene Reed," alleged to be in excess of $1,200. And also enjoining and prohibiting the bank from paying their checks or draft out of said fund. The bank is a mere stockholder, with no interest except to protect the rights of depositors.

The plaintiff is a corporation entered into on December 17, 1915. Its charter does not mention the particular law under which it was organized, and the matter is not referred to by the parties in their briefs. The declaration of the incorporators in the preamble of the charter, that they are availing themselves of the benefit of the provisions of the law relative to corporations for literary, scientific, and charitable purposes, would bring the object of the charter within the provisions of the Revised Statutes of 1870, sec. 677. But the plaintiff, in our opinion, is a fraternal and benevolent association organized under Act 256 of 1912 (amended Act 287 of 1914).

Section 12 of this Act requires seven members in order to incorporate as a

fraternal benefit society, and contains other provisions not provided for in the charter. There is no issue however concerning plaintiff's status.

The matter of organization will not, therefore, be further noticed. It would not have been mentioned at all if it were not that both sides profess to be acting under plaintiff's charter, which we find to be based on the above law.

The appearance of the plaintiff must also be looked on as apparent rather than real, because the officers which its charter provides for and invests with authority to make a claim, such as it is making in this case, are but three in number.

The charter, article 4, provides:

"All the corporate powers of this association shall be vested in and exercised by a Board of Directors to consist of the officers of this Supreme Council, whose titles shall be as follows: A Supreme Chief Dictator; a Supreme Financial Clerk and a Supreme Chief Treasurer. Said Board of Directors shall have power and authority to make all by-laws, rules and regulations necessary for the government of this association and for the management of its affairs.

"The powers herein granted shall be exercised in the management and control of all subordinate lodges in affiliation with this Supreme Council. A majority of the Board of Directors shall constitute a quorum for the transaction of business. All vacancies in the board caused by death, resignation or otherwise shall be filled by the remaining members of the Board. The officers of the Supreme Council, who by virtue of their office compose said Board of Directors, shall be elected annually on the second Monday night in January of each year, at a meeting of the Supreme Council. A failure to elect officers on the date above specified shall not dissolve or affect this corporation, but all officers shall remain in office until their successors are duly elected and installed.

"The first Board of Officers under this charter shall be and consist of the following named persons, to-wit: W. L. Crockett, Supreme Chief Dictator; T. A. Williams, Supreme Chief Financial Clerk and George Burgess, Supreme Chief Treasurer, who shall hold office until January 17th, 1917. The Supreme Chief Dictator shall preside at all meetings of the Council and the Board. And in his absence the Supreme Vice Chief Dictator shall preside."

It is thus seen that, according to plaintiff's charter, its officers must be elected annually on the second Monday night in January of each year. And only three are provided for, each of whom is invested with certain powers and the names stated by which they are to be known.

Willie Le Bray, styling himself as Grand Worthy Superior, Lula Smith, as Grand Secretary, Lula Morgan, Grand Recording Secretary, Ike Weathers, Grand Treasurer, Willie Wells, as Lodge Eternal, Joe Smith, as Grand Marshal, Ike Selvin, as Assistant Marshal, Allen Nelson, as Inner Guard, Malinda Bradford, as Righthand Shepherd, Lucy Wise, Lefthand Shepherd, Mary Thompson, Righthand Conductor, Rachel Selvin, as Lefthand Conductor, have brought this suit in plaintiff's name.

They allege that James Reid, Donnie Wade and Cammille Lee were once officers of plaintiff, but are no longer such, and have no right or authority to draw out or check against said funds belonging to the plaintiff.

The petition alleges that the plaintiff is sometimes referred to in its minutes and in other places, as "The Lily of the Valley Lodge No. 1." Has issued relief certificates designated as "Relief Certificate, The Independent Israelite Lily of the Valley Lodge of La.," with the seal of the fraternity used thereon designated as "Supreme Council of the Lily of the Valley Lodge No. 1."

That the fund on deposit in the bank is under the name "Supreme Council of the Lily of the Valley Lodge No. 1" or "Supreme Council of the Israelite Lodge No. 1." That whether in one name or the other it is the same fund and belongs to the plaintiff, etc. That the governing body provided for by its charter are no longer officers.

That plaintiff, by customary practice, has interpreted and applied its charter by setting up and maintaining a board of managers composed of officers designated as set out in the commencement of its petition.

That at a semi-annual election held in accordance with customary practice, on July 18, 1928, in full compliance with its laws and regulations, Willie Le Bray and the others named in the petition were elected to the offices so designated. The petition contains other allegations, but the decision of the case does not require a further statement.

Plaintiff's petition in this case represents it as having thirteen officers with official names not known to its charter. They may not have the power which plaintiff's three superior officers have under its charter. The petition also represents that these officers were elected at a semi-annual election held on July 18, 1928, which under plaintiff's charter could not have been done, because, according thereto, if no election was held on second Monday night in January, the officers it then had, held over for another term.

Defendant, James Reid, alias Eugene Reed, Donnie Wade and Cammille Lee for answer alleged that Willie Le Bray and his associates had no right to bring or institute suit in plaintiff's name. That said Le Bray and his associates were not officers nor members of plaintiff. That de-

fendants Reid, Wade, and Cammille Lee were plaintiff's superior officers.

Each side thus claims to be plaintiff's superior officers, and, as such, the right to control said sum of money on deposit in the Union Bank & Trust Company in the name of "Supreme Council of the Israelite Lodge No. 1, 702 Plum Street, Eugene Reed."

It is well, we believe, to state that the plaintiff is a negro organization which, so far as we can at present see, operated smoothly and amicably a number of years, and no doubt accomplished good. But due to lack of understanding on their part concerning the provisions of their charter and the necessity for governing themselves according thereto, they got their organization into such confusion and intermixture with another association called "Supreme Council of the Israelite Lodge No. 1" that a work of demarcation and extrication is necessary..

Each side refers to books and ordinances as proving their official status and rights, but reference thereto and oral testimony of the parties proves to the contrary.

Officers provided for in plaintiff's charter, not appearing or acting for it in bringing this suit, the judgment prayed for in its name is not authorized by the record and should not be granted, for the reason that even if the funds in question belong to plaintiff, which fact is not established, the funds would be under the control of parties not known nor authorized by its charter. To this extent the defense is well sustained by the record.

The contention of James Reid, alias Eugene Reed, Donnie Wade and Cammille Lee, defendants, that the proceedings to which they refer confirmed them as plaintiff's superior officers, is as futile and

clearly without support as that depended on by Willie Le Bray and his associates.

The written and oral evidence offered by the parties shows, however, that there is an association, affiliated in some way with the plaintiff, called "Supreme Council of the Israelite Lodge No. 1," and that this association has officers with official names similar to those stated at the commencement of plaintiff's petition, to be officers of the plaintiff. There is no evidence as to how this connection came about, and the extent that it exists does not appear.

Plaintiff's charter provides that subordinate lodges may be organized, but the evidence does not show that it is a subordinate lodge organized under sections 2 and 4 of plaintiff's charter.

Plaintiff's charter provides that all subordinate lodges must have a charter from plaintiff. It does not appear that this association has a charter from the plaintiff or from any other body. And it does not appear from the record that plaintiff has any rightful authority or jurisdiction over this association called Supreme Council of the Israelite Lodge No. 1.

The evidence shows that the money in question was accumulated by the payment of dues, fees and assessments, not on the part of members of plaintiff, but of this association, and apparently it belongs thereto.

There is contention that the plaintiff and "Supreme Council of the Israelite Lodge No. 1 Plum Street, Eugene Reed" is one and the same thing. But that fact is not established.

There is a claim and contention on the part of plaintiff that the money in question belongs to plaintiff, and that plaintiff is entitled to control it. The evidence does not support the claim. Not only

that, but the association in whose name the money stands on the books of the bank, is not a party to this suit.

There is nobody before the court entitled to judgment in the present controversy, authorizing them to handle, draw out, or otherwise dispose of this money. In such a situation it should and must remain in the bank where it is until officers and agents of the owner of the money can present themselves to the bank, properly accredited, and show their right to receive and disburse it.

For these reasons the judgment appealed from in so far as it holds that James Reid, alias Eugene Reed, Donnie Wade, and Cammille Lee are not officers of the plaintiff under the present showing, and have so far as presently appears, no authority to control or handle the money involved in this suit, and may be held to an accounting for any money belonging to plaintiff that they may have expended in the past, is correct and it is to that extent affirmed. But to the extent that said judgment recognizes Willie Le Bray and his twelve associates to be officers of plaintiff, with authority to bring plaintiff into court and claim and control this money in its name. And also that part which holds that plaintiff "Supreme Council of the Lily of the Valley Free and Accepted Order of America" is entitled to said money under the showing presently made, is erroneous and contrary to the law and the evidence, and said judgment, to the extent stated, is annulled, avoided and set aside and plaintiff's demand is now rejected and refused as of non-suit.

The claims and demands of the defendants are also rejected as in case of non-suit.

This money in question is to remain in Union Bank & Trust Company until offi-

cers and agents of the owner of the money, properly accredited from the owner with power and authority to act for the owner and to draw out, check, handle and disburse same, present themselves to the bank and claim it.

It is further ordered that Willie Le Bray and his twelve associates and the three defendants pay in solido the cost of this suit in both courts.

LECHE, J., not participating.