(131 So. 289)

## SUPREME COUNCIL OF THE LILY OF THE VALLEY FREE AND ACCEPTED ORDER OF AMERICA v. LEE et al.

No. 30662.

Nov. 3, 1930.

Rehearing Denied Dec. 1, 1930.

Fred G. Benton, of Baton Rouge, for relator.

Charles A. Battle and R. F. Walker, both of Baton Rouge, and E. S. Muse, of St. Francisville, for respondents.

LAND, J.

Plaintiff is an incorporated fraternal organization with its domicile in the city of Baton Rouge, La. It has issued numerous relief certificates in its insurance or endowment department in favor of its membership, and has an endowment fund representing dues and fees collected from its membership throughout the years of its existence, since its incorporation in 1915. This fund aggregates $1,200, is held in trust, and is pledged to satisfy relief obligations under these certificates, and was on deposit in the Union Bank & Trust Company of Baton Rouge at the date of this suit.

The present litigation is a contest over the control of the fund in question, between the present officers of this colored organization, representing the relator, and the defendants, officers who have been ousted by the election of the new incumbents.

The bank is a mere stockholder; the three defendants are demoted officials; the present organization is the only body that was ever created under the charter; and the endowment fund in dispute was collected from the members of this body.

Under this state of facts, the district judge perpetuated the injunction herein issued, restraining defendants from drawing, or attempting to draw, upon the endowment fund or deposit with the Union Bank & Trust Company of Baton Rouge, or withdrawing from the account in any manner whatever any part of the fund, and permanently enjoining the defendant Union Bank & Trust Company of Baton Rouge from honoring or paying any check, draft, or bill of exchange drawn upon or against the endowment fund by any or all of said parties acting individually or jointly, directly or indirectly, by withdrawal or otherwise.

By the judgment of the lower court plaintiff was also decreed to be the lawful owner of and legal custodian of the endowment fund in question, and this fund was restored to the custody and control of plaintiff, by permitting the substitution of the names Geneva

Mills, Grand Secretary, and Willie Le Bray, Grand Worthy Superior, the present constituted officers, for the names Eugene Reed, Donnie Wade, and Camille Lee, now designated as the parties controlling the fund.

The judgment of the lower court further decreed plaintiff to be the legal custodian and owner of the seal, books, documents, and records surrendered by defendants under the writ of subpœna duces tecum, and ordered defendants to render a full and complete accounting of their stewardship of all funds, belonging to plaintiff, that have passed through their hands.

It appears that plaintiff's corporation, since its organization, has been acting under certain general laws, rules, and regulations governing the Independent, Free and Accepted Israelite, which was also chartered at the same time plaintiff's organization was chartered. Under these laws, rules, and regulations, thirteen officers are elected for plaintiff's organization semiannually, instead of three officers annually, as provided in plaintiff's charter of the Supreme Council of the Lily of the Valley Free and Accepted Order of America.

The judgment of the lower court was reversed by the Court of Appeal (126 So. 518) because it was concluded that the members of plaintiff's organization had not complied with its charter technically. But it is a fact, nevertheless, that the members of plaintiff's organization did accumulate this money, and that they are now trying to get possession of it. The effect of the decree of the Court of Appeal is to say that these members have simply lost their money, because of their ignorance in not setting up the kind of government provided for in their charter.

■ We do not find it possible to concur in this view of the case, as it is well settled that any honest attempt on the part of these negroes to form a corporation at least gave their organization the status of a de facto corporation, whether the members complied with the provisions of their charter or not. The law is stated in 7 R. C. L., Corporations, par. 45, p. 64 as follows: "It would seem, upon principle, that the nature and character of the informality or defect in attempting to organize a corporation is immaterial, provided, notwithstanding its existence, it is apparent there was an attempt in good faith to create a corporation, and that in like good faith there has been an assumption and exercise of corporate function. Color of apparent organization under some charter or enabling act does not mean that there should have been a full compliance with what the law requires to be done, or even a substantial compliance. A substantial compliance may make a corporation de jure. But there must be apparent attempt to perfect an organization under the law. There being such apparent attempt to perfect an organization the failure as to some substantial requirement will prevent the body from being a corporation de jure; but if there be user pursuant to such attempted organization it will not prevent it being a corporation de facto. And it has been held immaterial that the statutory requirement with which there was a failure to comply was mandatory as distinguished from directory."

■ In fact, all of the elections held by plaintiff's organization have taken place semiannually from the very beginning. The defendant officers were so elected and so removed. Plaintiff's organization, being a de facto corporation at least, may sue and be sued, and may own, recover, and control an endowment fund created for the benefit of its members.

It is therefore ordered that the judgment of the Court of Appeal for the First Circuit be annulled and reversed.

It is now ordered that the judgment of the district court for the parish of East Baton Rouge be reinstated and made the final judgment in this case.

On Application for Rehearing.

PER CURIAM.

In the first paragraph of our opinion we say that the fund on deposit in the Union Bank & Trust Company aggregates $1,200. That was the aggregate on the deposits made by the plaintiff council, but prior to the filing of this suit checks had been drawn against the account, and it is admitted that when the injunction herein was served upon the bank, the actual balance to the credit of the council was $680.35. The judgment of the district court ordered the bank to pay over, as directed therein, all funds in its possession belonging to or on deposit in the bank to the credit of said council. The Court of Appeal reversed that judgment. Our decree reverses the judgment of the Court of Appeal and reinstates the judgment of the district court, which judgment is not ambiguous, in any sense. It fixes the liability of the Union Bank & Trust Company with certainty. Both applications for rehearing are refused.